[Crim. No. 899.    Fourth Dist.    Mar. 8, 1956.]

THE PEOPLE, Respondent, v. RAY WILSON, Appellant.

Ray Wilson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant and his wife were charged with armed robbery, alleged to have been committed on July 13, 1953. They pleaded not guilty, and were represented by counsel of their own choosing. A jury found each of them guilty of first degree robbery, and they were sentenced to prison. Mr. Wilson alone has appealed from the judgment, filing his own notice of appeal.

It appears from the evidence that on the evening of July 13, 1953, a Mr. Walworth went into a bar in Avenal and cashed a check, receiving $15 which he put in his wallet. The appellant and his wife watched him write out the check and cash it, and then engaged him in conversation. A little later the three of them proceeded to another bar three blocks away. When they left that bar the appellant produced a pistol and compelled Walworth to go with them in their automobile, a 1949 Chevrolet. They took him to a dark spot where Mrs. Wilson held a gun on him while Mr. Wilson, after a scuffle, took the wallet and the money. Shortly thereafter Walworth reported the matter to the officers and a description of the car and the robbers was broadcast over the radio. By mistake the broadcast described the woman as having red hair whereas Walworth had described it as brown with a reddish tint.

About 11:30 that night a highway patrol officer, who had received the broadcast, saw Mr. and Mrs. Wilson leaving a restaurant in Huron and followed them to a gas station, where they stopped. While they and the car otherwise fitted the description given he let them go, because he thought Mrs. Wilson did not have red hair, although he took their address in Coalinga. On the same night an officer went to the scene of the robbery and found some papers there with Walworth's name on them. On July 15, an officer went to the appellant's home in Coalinga and asked where he was, but Mrs. Wilson said she did not know. The officer asked her to have her husband come to the police station when he returned. About 9 o'clock that night an officer saw Mrs. Wilson at a service station in Coalinga. Since another officer had asked him to stop Mrs. Wilson, he asked her to wait there. She said she would, but said she wanted to go to the rest room. He called the other officer and when he arrived a few minutes later they found that she had gone, leaving the car. They found three fully packed suitcases in the car, and also found two pistols in appellant's home. It appears that the appellant and his wife had become alarmed when the officer came

there that afternoon, and decided to leave. Mrs. Wilson had gone to the station for gasoline and when the officer asked her to wait she went toward the rest room but proceeded on to her home, and she and her husband then walked to a nearby highway and hitchhiked to Fresno, abandoning their luggage and the car. They had purchased the car five days before that. The next day they bought an old Ford and drove to Oregon and Washington, where they stayed several months, using a different name. A year or so later they were arrested in Arizona and returned here for trial, having waived extradition.

They were positively identified by Walworth and by the two bartenders at the bars in Avenal, where they had spent some time on the night of the 13th. The appellant and Mrs. Wilson told different stories at different times to the officers, as to where they had been that night, as to whether they had had any pistols, and as to why they had abandoned the car and left Coalinga. They denied that they had been in Avenal on July 13th or on any day near that time, and they told conflicting stories as to where they had gone and what they had done on that evening up to the time they were seen by the officer at the gas station in Huron. They first said they had not left Coalinga together on the night of July 15. Mrs. Wilson said that after the officer asked her to wait at the service station she went home and her husband was not there; that she caught a ride to Five Points; and that she found him there. The appellant said he had decided to leave his wife; that he hitchhiked to Fresno, and then to Oregon; that a month later his wife arrived at Medford, where he was working; and that he didn't know how she was able to find him. Later they admitted that they had left together, and gave varying and conflicting reasons for having left when they did. Their testimony on the stand was also conflicting in many respects and on several occasions they changed their testimony when they discovered that the true facts were known. The evidence was not only sufficient to support the verdict and judgment, but it was unusually convincing.

The appellant first contends that his attorney did not exert his best effort to present his case because he failed to get in touch with appellant's father-in-law in Oklahoma with respect to a purported telephone call, in not looking into another fact, and in not calling one witness. No complaint was made to the court concerning the way in which his counsel

was conducting the case, and there is nothing in the record or in the briefs to indicate that further action in any of these matters would have been helpful to the appellant. The record clearly shows that appellant's attorney ably represented him throughout the trial and did a thoroughly competent job throughout the entire case, including the cross-examination of the prosecution witnesses. There is nothing to indicate that this attorney did not thoroughly investigate the matters in question and determine that nothing would be accomplished by producing further evidence in connection therewith.

It is next contended that the evidence is inconsistent in that the officer who interviewed the appellant and his wife at the service station in Huron on the night of July 13, did not then hold them as the parties wanted for this robbery; and in that Mr. Walworth did not recognize Mrs. Wilson as the woman in question on July 15, although he positively identified her at the time of the trial. The failure of the officer to hold them on that night was explained in that the broadcast description he had received had described the woman as having red hair. Mr. Walworth was with the officer when he called at the Wilson home on July 15. He stayed in the car in front of the house. At that time Mrs. Wilson had her hair in curlers and had on some sort of short trousers. As they were leaving the place Walworth told the officer that she looked like the woman but that he was unable to make a positive identification. He identified her at the trial and described the dress she had on on the night of July 13, as did the two bartenders, and that dress was found in the suitcases left in their car. Nothing more than a conflict appears in this connection and the identification of the appellant was complete, positive, and in no way shaken.

The contention that the appellant and his wife left Coalinga because of fear of Mrs. Wilson's former husband who lived in Oklahoma, and not because of anything connected with this robbery, rests entirely on a question of fact. This contention was thoroughly explored at the trial and the evidence rather conclusively indicated that the real reason for their abrupt departure was their sense of guilt and the knowledge that the officers were getting close to the facts. The entire matter was merely cumulative evidence strengthening other evidence in the case, and neither error nor prejudice appears in this connection.

Finally, it is contended that the district attorney knew that he did not have a case against the appellant or his wife,

but was afraid to drop the prosecution because of his fear that the appellant would sue him for false arrest. This contention is entirely unsupported by anything in the record, and the district attorney had and presented an unusually strong case against the appellant.

There was no motion for a new trial and the purported appeal from an order denying a new trial is dismissed. The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.